UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-MC-12-H

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ACER, INC., *et al.*, )<br>)<br>Defendants. ) | **ORDER** |

      In connection with patent litigation pending in the United States District Court for the Northern District of California, Plaintiff served a subpoena on Lenovo (United States), Inc. ("Lenovo"), a non-party, commanding the production of certain documents and a Rule 30(b)(6) deposition. Lenovo has moved to quash the subpoena on the grounds that (1) it is untimely under the case management order entered in the underlying litigation and the Local Rules of the District Court for the Northern District of California; (2) it seeks the discovery of information not relevant to the underlying litigation; and (3) it fails to give Lenovo adequate time for compliance and is otherwise unreasonably burdensome and unduly broad. Plaintiff has responded in opposition to Lenovo's motion and has additionally filed a motion to transfer Lenovo's motion to the District Court for the Northern District of California. For the reasons set forth below, the court finds exceptional circumstances warranting transfer and therefore grants Plaintiff's motion to transfer.

      In order to protect nonparties from undue burden, Rule 45(f) of the Federal Rules of Civil Procedure requires that subpoena-related motions be filed in the court where compliance is required. Absent consent of the party subject to the subpoena, such matters may be transferred to

the issuing court upon a finding of exceptional circumstances. Fed. R. Civ. P. 45(f). The court "should not . . . assume[] that the issuing court is in a superior position to resolve subpoena-related motions." Fed. R. Civ. P. 45 advisory committee's note (2013). Nevertheless, transfer may be warranted in some cases "in order to avoid disrupting the issuing court's management of the underlying litigation." *Id.*

As evidenced by the parties' briefs, the discovery dispute presently before this court arises from procedurally complex and protracted patent litigation in the Northern District of California ("the California litigation"). Plaintiff has sued sixteen computer makers asserting the infringement of four of Plaintiff's patents upon the defendants' sale of products that include Ethernet components manufactured by Intel, Nvidia, Atheros, and other chip suppliers. Although movant Lenovo is not a party to the California litigation, it is the subject of a similar suit initiated by Plaintiff in the Eastern District of Texas, which has been stayed on the parties' joint motion pending resolution of the California litigation.[1] Additionally, Lenovo has appeared in the California litigation, moving to enjoin Plaintiff from pursuing its claims against Lenovo in the Eastern District of Texas, and does not dispute Plaintiff's allegation that Lenovo is part of a "Joint Defense Group with the Defendants in the California and Texas action[s]." (Pl.'s Mot. Transfer [DE #9] at 2.)

Subsequent to the filing of the motions presently before the court, Plaintiff and Lenovo submitted a Joint Letter Brief to United States Magistrate Judge Laurel Beeler of the United States District Court for the Northern District of California, in which Plaintiff sought that court's intervention in this matter. Plaintiff argued there, as it does here, that its issuance of the

---

[1] In the joint motion to stay, the parties agreed that Lenovo would provide Plaintiff with certain limited discovery. Plaintiff contends that Lenovo did not live up to its bargain, forcing Plaintiff to seek discovery of the information by means of the subpoena at issue here.

2

subpoena to Lenovo did not violate the case management order entered in the California litigation because it simply seeks production of information Lenovo agreed to produce in exchange for Plaintiff's agreement to stay the Texas litigation against Lenovo. In an order entered July 24, 2014, Judge Beeler determined that she had no authority, given Rule 45's stricture, to enforce the subpoena issued by Plaintiff. Consequently, she "[did] not reach the issue of whether – given Lenovo's agreement to produce information – there is good cause to excuse the timing of [Plaintiff's] subpoena, which was issued without enough time for Lenovo to respond before the close of fact discovery." Order re: Discovery Dispute in ECF No. 1186, *U.S. Ethernet Innovations, Inc. v. Acer,. Inc.*, No. C 10-03724 CW (LB) at 2 (filed July 24, 2014). Nevertheless, she indicated that "a court might find good cause for the timing of the subpoena given the back-and-forth emails (a good illustration of why picking up the phone is better)" and suggested that Lenovo produce the information it previously agreed to provide and that Plaintiff withdraw its subpoena. *Id.*

Given the Northern District of California's intimate familiarity with and interest in enforcing the case management order entered in the California litigation, as well as the absence of any prejudice or undue burden to Lenovo as evidenced by Lenovo's meaningful participation in the California litigation, the court concludes that "the wisest course is to permit the court most familiar with the parties' dispute . . . to fully and finally resolve that dispute. Such a course would eliminate the distinct possibility of inconsistent rulings while affording the parties the best opportunity for a timely resolution of their conflict." *FTC v. A+ Financial Ctr., LLC*, No. 3:13-MC-25-H, 2013 WL 6388539, at *4 (W.D. Ky. Oct. 17, 2013). Accordingly, Plaintiff's motion to transfer [DE #9] is GRANTED, and the Clerk of Court is DIRECTED to transfer this case to

the United States District Court for the Northern District of California for consideration of Lenovo's motion to quash [DE #1].

This 15th day of August 2014.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge